UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 07-30061-DHW
                                                   Chapter 13
ARTHUR DAVID PAYNE,

      Debtor.


ORDER ON MOTION FOR SANCTIONS

The debtor filed a motion to strike a document from the claims register and to show cause why creditor Hayden Payne should not be held in contempt of court. The motion states that Hayden Payne attached as an exhibit to her proof of claim a document containing highly inflammatory and prejudicial information about the debtor and containing personal identifiers of minor children violative of this court's General Order No. 2003-10.

Hayden Payne then filed a motion to place the document under seal. The motion was granted *ex parte* on April 12, 2007, mooting the debtor's motion to strike. The motion to show cause came on for hearing on May 21, 2007. The parties submitted the motion to the court for decision without an evidentiary hearing.

The parties do not dispute that the document contains personal identifiers of minor children violative of the court's General Order No. 2003-10. The order assigns the responsibility for redacting these personal identifiers solely with counsel and the parties.[1] The order does not provide for sanctions or other remedy for violation of the order. The debtor requests that costs be taxed against Hayden Payne under the contempt powers of this court.

The proof of claim with the unredacted exhibit was filed by counsel

---

[1] The order permits a party to file an unredacted document under seal.

for Hayden Payne who has constructive notice of the general orders of this court. Therefore, responsibility for redaction in this instance lay with counsel for Hayden Payne.

Upon review of the court record, the court estimates that counsel for the debtor spent about two hours drafting the motion and attending the hearing on the motion. The court finds that $125 per hour is a reasonable rate for his services in this matter. Accordingly, it is

ORDERED that counsel for Hayden Payne pay $250 to counsel for the debtor to compensate the debtor for attorney's fees incurred in remedying the violation of the General Order.

The motion also included an objection to the claim of Hayden Payne. That portion of the motion will be set for hearing at a later date following liquidation of the claim by the state divorce court.

Done this 25th day of May, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Counsel for Debtor
  Counsel for Hayden Payne
  Curtis C. Reding, Trustee